IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RUTH LEWIS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | NO. CIV-22-0011-HE |
| ) | |
| ABOUTANAA EL HABTI, Warden, ) | |
| ) | |
| Defendant. ) | |

### **ORDER**

Petitioner Ruth Lewis, a state prisoner appearing *pro se*, filed a petition for habeas relief pursuant to 28 U.S.C. § 2254, challenging her convictions for child abuse murder and two counts of child neglect. Pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), the matter was referred to Magistrate Judge Shon T. Erwin for initial proceedings. Judge Erwin ordered defendant to respond to the petition, and petitioner replied to the response. Judge Erwin has now issued a Report and Recommendation recommending that the petition be denied. Petitioner has objected to the Report which triggers *de novo* review of matters to which objection has been made.

Petitioner's objects to the Report's conclusion that she is not entitled to habeas relief based on the ground of ineffective assistance of appellate counsel.[1] She contends that if her appellate counsel had raised the argument that her confession was a "false confession"

---

[1] *Because petitioner does not object the Report's other conclusions, she has waived the right to appellate review of the factual and legal issues addressed therein.* Casanova v. Ulibarri, 595 F.3d 1120, 1123 (10th Cir. 2010).

which should have been suppressed or excluded, her case likely would have been remanded back to the district court for retrial.

Petitioner's ineffective assistance of appellate counsel is an exhausted claim. She raised this claim in her application for post-conviction relief. *See* Doc. #15-4, p.7. The state district court denied petitioner's application for post-conviction relief and that decision was affirmed by the Oklahoma Court of Criminal Appeals.

"When a petitioner raises a claim of ineffective assistance in a habeas petition, [the] highly deferential assessment of counsel's performance under Strickland's first prong, is doubly so, because [court's must] deferentially evaluate counsel's performance through the prism of AEDPA's deference to the state court's assessment of counsel performance." Ellis v. Raemisch, 872 F.3d 1064 (10th Cir. 2017) (quotations and citations omitted). Here, tested against that exacting standard, petitioner has failed to show a basis for relief. The Report correctly concludes that the OCCA's application of the Strickland test was neither contrary to nor an unreasonable application of clearly established federal law.

Accordingly, for substantially the reasons stated in the Report, the Report and Recommendation is **ADOPTED**. Petitioner's Petition for Writ of Habeas Corpus is **DENIED**. Further, the court concludes that a certificate of appealability should not issue because petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2).

**IT IS SO ORDERED**.

Dated this 11th day of August, 2022.

                                          JOE HEATON
                                        UNITED STATES DISTRICT JUDGE